INDIANAPOLIS AND ST. LOUIS RAILROAD CO.

*v.*

TRUMAN BLACKMAN.

1.   GENERAL LAWS—*their relation to subsequent incorporations.*   The operation of a law for regulating "all existing railroad corporations," extends to and controls railroads incorporated after, as well as before, its passage, unless exception is provided in their charters.

2.   RAILROAD REGULATIONS—*non-compliance, when not evidence of wilful negligence.*   The neglect to sound the whistle or ring the bell of an engine is not, of itself, such negligence as will justify a recovery for damage to property injured upon the track.

3.   The injury must be shown to be the result of the omission or neglect of the duty imposed; and this the jury must determine.

4.   Liability, as for wilful negligence, does not attach to the mere non-performance.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This is an appeal to reverse a judgment recover by Blackman against the appellant for $75, the value of an animal killed by a train entering the town of Vermilion.   It was proven that the animal had been on the track for half an

hour at a point where it was not required to be fenced ; that the track was straight for two or three miles, with no obstruction to prevent seeing the animal from the engine ; that the train came at the rate of fifteen or twenty miles per hour, without sounding the bell or blowing the whistle, and, without slacking speed, struck and killed the animal.

Mr. R. N. Bishop, for the appellant.

Messrs. Trogdon & McKinlay, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

It is contended that, as the appellant corporation was not in existence on the 5th day of November, 1849, the general law of that date, in relation to railways, is not applicable to this company. The reason assigned for this assumption is neither forcible nor plausible.

Special reference was made in the argument to section 45 of the act, which is as follows:

"All existing railroad corporations within this State shall, respectively, have and possess all the powers and privileges, and be subject to all the duties and liabilities and provisions contained in this act, and not inconsistent with their several charters."

The law of 1849 is a general law, and its general provisions apply to all railroads subsequently chartered, when such provisions were not, expressly or by implication, repealed by the charters granted. We might point out a number of provisions applicable to all roads, and which have always been accepted by railroad companies. By virtue of this law alone, are conductors, engineers, and other servants of these corporations, required to wear a badge to indicate their office.

Section 38, in regard to ringing a bell or sounding a whistle at the crossing of roads and streets, was obligatory upon all

railway companies not specially excepted from such duty, until modified in 1869. The section is part of a general law, and its language is plain and broad enough to include all companies subsequently chartered. It is not restricted to roads then in existence, but requires that a bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the railroad shall cross any other road or street, and the corporation is made liable for all damages resulting from a failure to perform the duty.

Section 45 is not a limitation of the future operation of the act. This section is the last, in numerical order, contained in the act. Previous sections, in terms, operated *in futuro*; and section 45 was inserted to confer upon existing corporations the privileges granted, and subject them to the liabilities provided, if not inconsistent with their then charters.

The construction claimed would stultify the legislature, and place it in the absurd position of legislating at great length, by granting numerous powers—in requiring the performance of duties affecting the well-being of the State, and in subjecting corporations to liabilities, by a general law to operate in the future—and then, by the last section of the act, limiting the effect of it to existing corporations, which, we know as a matter of general history, had scarcely a lingering hope of life.

Section 45 merely declared that the duties imposed and the liabilities prescribed by the act should be obligatory upon the corporations then created, if not in conflict with the powers granted to them. This did not confine the law to such corporations; it was merely an application of its provisions to existing companies, and it was still operative as to future companies.

This law has never been regarded as special and confined to a particular class of railroads, but as a general law, and common to the whole class of railway companies.

It was held to be a general law in the case of the *Galena and Chi. U. R. R. Co.* v. *Loomis,* 13 Ill. 548, and in numerous cases has this court sustained and enforced it.

In 1869 the legislature recognized it as a general law, and amended it as such; so that both by judicial and legislative construction it has been sanctioned as a general law.

We have no doubt that section 38 was binding upon this company. It was a public regulation contained in a general law, necessary for the safety of the life and property of the citizen, and which must control all railroad corporations.

But the judgment must be reversed for error in giving the second instruction for plaintiff below. If the omission to ring the bell or sound the whistle occasioned the injury, then appellant would be liable. The court instructed the jury that the mere failure to ring the bell or sound the whistle, or slacken the speed, was wilful negligence, and would entitle the plaintiff to recover. It is true an instruction was given for the defendant that the non-performance of these duties would not make the company liable if their performance would not have prevented the injury.

These instructions were in direct opposition. What could the jury do? They must select between them, and they probably acted upon the first instruction. This was not the law, and was in violation of the statute. It provides that the corporation shall be liable for any damages sustained by reason of the neglect to perform the duty imposed, and not that it shall be liable for the mere non-performance. The injury must be the result of the omission, and this must be found by the jury.

In *Galena and Chi. U. R. R. Co.* v. *Dill,* 22 Ill. 264, this court held that the omission to give the signal is not of itself evidence of negligence, and that the jury must determine the effect of the neglect.

The judgment is reversed and the cause remanded.

*Judgment reversed.*