# WESTERN UNION RAILROAD COMPANY

*v.*

## WESLEY FULTON.

RAILROADS—*of their duty to ring a bell or sound a whistle before reaching a crossing—construction of the act of* 1849. The police regulations of the act of 1849, requiring railroad companies to ring a bell or sound a whistle before reaching a public road crossing with their trains, apply to all railroads in the State not specially exempted by their charters,—as well to those chartered since the passage of the act as to those receiving their charters before that time.

APPEAL from the Circuit Court of Carroll county; the Hon. W. W. HEATON, Judge, presiding.

This was an action of trespass on the case, brought by Wesley Fulton against the Western Union Railroad Company, to recover damages for injuries inflicted on the plaintiff's person and property by the locomotive and train of the defendant in the alleged careless and negligent management thereof by the agents and servants of the defendant at a public road crossing.

Upon a trial in the circuit court the jury returned a verdict in favor of the plaintiff for the sum of $500, upon which judgment was entered. The defendant appeals.

Messrs. ARMOUR & SHAW, for the appellant.

Mr. C. B. SMITH, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The first point upon which appellant asks a reversal of this judgment is, that the act of 1849, requiring railroad companies to ring a bell or sound a whistle before reaching a crossing, does not apply to companies chartered since that date. The police regulations of the act of 1849 have always been considered by this court as applying to all railroads in the State not specially exempted by their charter. This has generally been conceded by counsel and assumed by the court as the proper construction of the statute, but in the case of *Ind. & St. L. R. R.* v. *Blackman*, 63 Ill. 117, the point was directly made by counsel, and the court expressly held as above stated.

As to the merits of the case before us, we can only say that it is not one in which we can set aside the verdict because unsupported by the evidence. The whistle was certainly not blown continuously for the eighty rods, and the preponderance of testimony shows the bell was not rung.

We have had some doubt, in examining the record, whether the plaintiff was not guilty of a degree of negligence that

would bar his recovery; but he testifies that he first discovered the train when he was about fifteen or twenty feet from the crossing; that his horses at once took fright, jumped forward, and were beyond his control. As to the jumping of his horses, his testimony is corroborated by that of other witnesses, and by the probabilities of the case, as a person, in his senses, would not often voluntarily attempt to cross a railway in front of a train so near at hand as to make it manifest the experiment would be attended with the greatest danger. The question of the negligence of the respective parties was fairly submitted to the jury, and there is no good reason for setting aside their finding.

It is said the 8th instruction asked for the defendant should have been given, but the legal principle it was intended to express was more fairly stated in the instructions which were given.

It is not urged that the damages were excessive, and they seem to have been very reasonable.

The judgment of the court below is affirmed.

*Judgment affirmed.*