THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

v.

JOSEPH DVORAK.

1.  INSTRUCTIONS SHOULD BE ACCURATE.—Where the evidence is conflicting, the instructions should be accurate.

2.  RAILROADS—INJURIES TO PERSONS.—In actions for injuries by being run over by the cars, where it is alleged that the injury was the result of negligence in failing to ring a bell or sound a whistle as the train approached a crossing, and of negligence in running at a rate of speed greater than that allowed by ordinance, instructions which wholly exclude from the consideration of the jury the question whether the plaintiff received his injuries in consequence of such neglect of the railroad company, are erroneous.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed December 13, 1880.

This was an action on the case by appellee against appellant, to recover for personal injuries received by the former, by being struck by an engine while moving appellant's cars, while he, the appellee, in the exercise of reasonable care, was crossing appellant's railroad track on Twenty-second street, in the city of Chicago, the declaration containing two counts. The first, that the engineer neglected the statutory duty to ring a bell or sound a whistle. The second, that it was within the corporate limits of Chicago, and the train was running faster than at the rate of six miles per hour, in violation of a certain ordinance of the said city, in consequence of which appellee was injured. The case was tried by a jury under the general issue, and the evidence was conflicting upon every point essential to a recovery.

At the instance of appellee's counsel, the court gave the jury the following instruction:

"The jury are instructed that the statute law of the State of Illinois requires that every railroad corporation shall cause a bell of at least thirty pounds weight, or a steam-whistle, to be placed and kept upon each locomotive engine, and shall cause the same to be rung or whistled at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and the same shall be kept ringing or whistling until such highway is reached; and if the jury believe from the evidence that the plaintiff was struck by the locomotive of a train of cars, which was then operated by the defendant, while he was crossing the railroad on which said train was running, at an intersection with Twenty-second street, a public highway, with such care and diligence to avoid danger as could be expected from a boy of his age and capacity, and that at the time neither of the signals were given as required by the statute, then the plaintiff is entitled to recover damages for such injuries as the jury may believe from the evidence he has sustained from being so struck by said locomotive."

To which exception was taken.

The counsel for defendant requested the court to give the following instruction on behalf of defendant, but which the court refused to give as asked, and modified and gave it as indicated below. In the following instructions the words in brackets were stricken out by the court, and the words in Italics added:

" 1.  The jury are instructed that the plaintiff in this case claims, as grounds for recovery, that at the time of the accident he was walking on Twenty-second street, at the crossing of the railroad of the defendant; that the bell on the defendant's locomotive was not rung at a distance of eighty rods from the said crossing, and kept ringing until the said crossing was reached, or that the train of the defendant was running at a greater rate of speed than six miles an hour when it crossed Twenty-second street; that he was struck by the locomotive engine of the defendant while walking on said street, and thereby sustained the injury for which he seeks to recover; that such accident was caused by the failure of defendant, or its servants, to ring said bell, or by such unlawful rate of speed, and that the plaintiff himself was exercising such care and caution at the time of such accident as a boy of his age could be expected to exercise; and if the jury find from the evidence that the plaintiff has [failed *to*] *not* establish*ed* by a preponderance of evidence [either of these allegations, their verdict should be for the defendant] *either that the train was running at a greater rate of speed than six miles at the time of the injury, or the bell on defendant's locomotive was not rung at a distance of eighty rods from said crossing, and kept ringing till it reached said crossing, then he cannot recover in this case, and your verdict should be for the defendant.*"

To the refusal to give said instruction as asked, and in modifying the same, the counsel for defendant excepted.

The jury found the defendant guilty, and assessed plaintiff's damages at $4,500. Defendant moved for a new trial, which the court overruled, and gave judgment on the verdict. The defendant brings the case to this court by appeal.

Messrs. Dexter, Herrick & Allen, for appellant; that the

declaration in a cause is a statement of the particular facts of plaintiff's case, made presumably by his authority, and is competent evidence in the nature of an admission, cited Gordon v. Parmalee, 2 Allen, 212; Bliss v. Nichols, 12 Allen, 443; Parsons v. Copeland, 33 Me. 374.

As to the superior weight of affirmative evidence as against negative evidence: C. & I. R. R. Co. v. Still, 19 Ill. 500; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Lee, 86 Ill. 582; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450.

A person approaching a railroad crossing must take every precaution to avoid danger, and if he neglects to do so, there can be no recovery for injuries received: St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C. B. &. Q. R. R. Co. v. Damarell, 81 Ill. 450; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 534.

A child of no more than eleven years of age may be chargeable with such negligence as to bar a recovery: Brown v. European & N. R. R. Co. 58 Me. 384; Reynolds v. N. Y. C. & H. R. R. Co. 58 N. Y. 248; Burke v. Broadway R. R. Co. 49 Barb. 529; Archlenhagen v. City, 18 Wis. 331; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198.

Plaintiff must show not only the negligence of the defendant, but that the accident occurred by reason of such negligence: C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Notzki, 66 Ill. 455; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72; T. W. & W. R. R. Co. v. Jones, 76 Ill. 311.

Mr. R. H. FORRESTER, for appellee; that an omission to ring a bell or sound the whistle is *prima facie* evidence of negligence, cited St. L. J. & C. R. R. Co. v. Terhune, 50 Ill. 151; C. & A. R. R. Co. v. Elmore, 67 Ill. 176.

The same degree of care is not required of a child as of a person of mature years: C. & A. R. R. Co. v. Murray, 71 Ill. 601; C. & A. R. R. Co. v. Becker, 76 Ill. 25; Wharton on Negligence, § 300.

When instructions are not misleading, the judgment will not be disturbed: Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455.

Refusal to give an instruction which in substance has already been given, is not error: Hessing v. McCloskey, 37 Ill. 341; Bowen v. Schuler, 41 Ill. 193; Halty v. Markell, 44 Ill. 225; McKickan v. McBean, 45 Ill. 228; Freeman v. Tinsley, 50 Ill. 497; Calhoun v. O'Neal, 53 Ill. 354.

Where the verdict is warranted by the evidence, it will not be disturbed for error in the instructions: Hazen v. Pierson, 83 Ill. 241; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Beseler v. Stephani, 71 Ill. 400.

McAllister, P. J.   Where, as in this case, the evidence is closely conflicting as to necessary elements of the plaintiff's cause of action, we hold it to be a rule founded in the plainest principles of justice, and essential to its fair administration, that such party shall not be suffered to gain an undue advantage over the opposite party by means of defective and misleading instructions to the jury.

Of such a character is the one given for the plaintiff, and the modification by the court of the instruction asked on behalf of the defendant, complained of by the appellant.   By both, the question of fact, essential to the cause of action, that the plaintiff received his personal injuries in consequence of the neglect of the engineer to ring the bell or sound the whistle, or in consequence of the train being run at a rate of speed faster than six miles an hour, is wholly excluded from the consideration of the jury.   Unless the injury was the result of such neglect or breach of duty, there could be no recovery. Galena, etc. R. R. v. Dill, 22 Ill. 264; I. & St. L. R. R. v. Blackman, 63 Ill. 117; Toledo, etc. R. R. v. Jones, 76 Ill. 211.   For that error, the judgment will be reversed and the cause remanded.

Reversed and remanded.