# THE CHICAGO & ALTON RAILROAD COMPANY
# v.
# ALEXANDER G. LOGUE, ADMINISTRATOR.

*Railroads—Negligence—Personal Injury—Death of Child—Signals— Crossing—Law of Inheritance—Sec. 2, Chap. 70, Starr & C. Ill. Stats.*

1. In a personal injury case it is error to admit in evidence the testimony of persons who placed an inanimate object upon a railroad track, as to the distance at which it could be seen and its character distinguished, the circumstances and surroundings being entirely different from those that existed at the time of a given accident.

2. An instruction setting forth that an omission to ring the bell or sound the whistle in a given case was negligence, should not be given unless it appears that such omission was in some measure the cause of the injury.

3. An infant brother or sister of an infant killed through the alleged negligence of a railroad company, born a short time after the accident, is an heir.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

This is an action on the case brought by the father as administrator of his deceased child, who was run over and killed by a train on appellant's road when he was about twenty-one months old. Plaintiff was stationed at Edwardsville crossing, a station on that road, and occupies as a residence a part of the depot building, which is situated between the tracks of the appellant and the C., C., C. & St. L. R. R. On each side of the building was a platform extending to the respective roads. Just north of these platforms was a public road. Appellee with his family had lived there for three years, his family consisting of his wife, a child about three years old, at the time sick with the scarlet fever, and the child that was killed. The train from Chicago to St. Louis had been running on the same time for years and if on time passed the station about 6:40 P. M., generally running at the rate of forty-five miles per hour, and did not stop at Edwardsville station unless signaled to do so by the dropping of the green ball as a signal to receive orders. Appellee was a telegraph operator at that place and on the day the child was killed was relieved by the night operator about 6:30 P. M., and knew about the time the train would be along. He went from the depot to a stable about fifty feet from the platform to get ready a horse and buggy to drive out to deliver a message some distance from the station, and while so doing, the mother engaged with the sick child—the boy aged twenty-one months left the house unobserved by its mother and sat down on the railroad track

about eight or ten feet from the highway crossing, with his back to the train, which came along about on its usual time and running at its usual speed.

There is conflict in the evidence as to whether signals were given by the ringing of the bell and the sounding of the whistle as the train approached the highway crossing. The mother missed the child, ran to the platform and saw the approaching train and the child sitting on the track, called the husband and ran up the platform toward the child waiving her hands. The engineer and fireman saw her and about the same time saw something on the track, but could not distinguish what it was; as soon as they could tell it was a child the engineer did all that was possible to stop the train, but it was impossible to do so, and the train struck the mother, slightly injuring her, and ran over and killed the child. Among other instructions given at the instance of the plaintiff the court gave the following: " The court instructs the jury that even if the parents of the child were guilty of slight negligence in permitting said child to escape and get upon the tracks at the time it was killed, still if the jury further believe from the evidence that the engineer and fireman in charge of the defendant's train were guilty of gross negligence in the management of their train or in failure to ring a bell or sound the whistle as required by law; if the jury believe from the evidence that they did so fail to ring the bell or sound the whistle, and that the negligence of said parents was slight and that of the engineer and fireman was gross in comparison with each other, then the jury should find for the plaintiff."

The amended declaration of plaintiff charges the engineer neglected the statutory duty to ring a bell or sound a whistle; and avers that the deceased left surviving him, as his heirs, his mother, Mrs. Alexander G. Logue, a brother, A. Russel Logue, and the plaintiff, his father. The evidence shows that about two months after his death his mother gave birth to another child, which was living at the commencement of the suit and the trial thereof, and which is not mentioned in the declaration. The court allowed evi-

dence to go to the jury of a coal bucket containing coal having been placed upon the track by witnesses who walked up the track and then were permitted to testify as to the distance they could distinguish what it was and what it contained. A verdict and judgment for plaintiff was rendered in the sum of $2,500, and the plaintiff brings the record to this court by appeal, and numerous errors are assigned.

Messrs. Wise & Davis, for appellant.

Messrs. Travous & Warnock, for appellee.

Mr. Justice Phillips. On material facts in this case the evidence is conflicting and the case a close one on the facts. It was held in C., B. & Q. R. R. Co. v. Dvorak, 7 Ill. App. 555: "Where, as in this case, the evidence is closely conflicting as to necessary elements of the plaintiff's cause of action, we hold it to be a rule founded in the plainest principle of justice and essential to its fair administration that such party shall not be suffered to gain an undue advantage over the opposite party by means of defective and misleading instructions to the jury. Of such a character is the one given for the plaintiff * * * The question of fact essential to the cause of action, that the plaintiff received his personal injuries in consequence of the neglect of the engineer to ring the bell or sound the whistle * * * is wholly excluded from the consideration of the jury. Unless the injury was the result of such neglect or breach of duty there could be no recovery, and that authority is sustained by Galena R. R. v. Dill, 22 Ill. 264; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; T.,W. & W. Ry. Co. v. Jones, 76 Ill. 311."

It was error to give the sixth instruction above for plaintiff.

The child born after the death of deceased occupies such relation to him that he inherits the estate of deceased the same as if living at the time of his death. Sec. 2, Chap. 70, Starr & C. Ill. Stats, provides: "Every such action shall be brought by and in the name of the personal representatives

of such deceased persons, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property."

It should have been alleged in the declaration that he was next of kin and there was a variance as to the allegation as to the next of kin left by deceased.

There was also error in the admission of evidence as to placing an object on the track and proof as to the distance it could be seen and distinguished where the circumstances and surroundings were wholly different from those attendant on the engineer in the discharge of his duties. Yates v. People, 32 N. Y., p. 511.

We express no opinion as to a right of recovery on the facts. For the errors indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*