## Appollonia Landgraf, Adm'x, etc., v. Abraham Kuh, Adolph Nathan and Siegfried M. Fischer.

1. FIRE ESCAPES—*Failure to Provide—Proximate Cause of Accident.*—If an owner neglects to provide his building with the number of fire escapes required by statute, that is not alone sufficient to support a claim against him for personal injuries received by a person escaping from the building in case of fire. It must also appear that the neglect was the proximate cause of the injury for which it is sought to recover.

Trespass on the Case.—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 10, 1900.

STEDMAN & SOELKE, attorneys for appellant.

The failure on the part of appellees to provide the number of fire escapes required by the statute is actionable negligence in favor of appellant, and " at least some common law liability." Schwander v. Birge, 33 Hun (N. Y.), 186; Schwander v. Birge, 46 Hun (N. Y.), 66.

Where a statute commands or prohibits a thing for the benefit of a person he should have a remedy upon the same statute for the thing enacted for his advantage, or for a wrong done to him contrary to its terms. Pauley v. Steam Gauge & S. Co., 131 N. Y. 90, 15 L. R. A. 197; Willy v. Mulledy, 78 N. Y. Ct. of App. 310; Rose v. King, 15 L. R. A. 160.

ISRAEL SHRIMSKI, attorney for appellees; SAMUEL S. PAGE, of counsel.

The statute requiring buildings to be provided with fire escapes imposes a duty unknown to the common law. Schott v. Harvey, 105 Pa. St. 222; Keeley v. O'Connor, 106 Pa. St. 321; Lee v. Smith, 42 Ohio St. 458; Pauley v. Steam Gauge & Lantern Co., 131 N. Y. 90; s. c., 15 L. R. A. 194; Jones v. Granite Mills, 126 Mass. 84; Keith v. Granite Mills, 126 Mass. 90; Huda v. American Glucose Co., 154 N. Y. 474.

The statutes of this State impose no duty upon the

owner of a building to provide fire escapes. Even conceding (which counsel do not) that the building was a building used for "manufacturing purposes," then the statute does not impose a duty upon the owner of the fee, but upon the owner of the "factory." Schott v. Harvey, 105 Pa. St. 222; Keeley v. O'Connor, 106 Pa. St. 321; Lee v. Smith, 42 Ohio St. 458.

In order that the plaintiff may fasten any liability upon the defendants she must show something beyond the mere omission by them of a duty; she must show that such omission of duty was the direct and proximate cause of the accident complained of. R. R. Co. v. McKean, 40 Ill. 218; R. R. Co. v. Van Patten, 64 Ill. 510; R. R. Co. v. Parker, 131 Ill. 557.

The building owned by the defendants was not a building used for manufacturing purposes. The construction of the phrase, "a building used for manufacturing purposes," is a question of law, and for the court to determine. Schott v. Harvey, 105 Pa. St. 222; Franklin Fire Insurance Co. v. Brock, 57 Pa. St. 82; Carlin v. Western Assurance Co., 57 Md. 526; Liebenstein v. Ætna Insurance Co., 45 Ill. 303; Liebenstein v. Baltic Fire Insurance Co., 45 Ill. 301.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought by appellant against appellees to recover damages for the death of Kittie Landgraf. Appellees were the owners of a building in Chicago which was destroyed by fire November 22, 1895. A part of the fourth floor was occupied by A. Stein & Company, by whom the deceased was employed. In attempting to escape Kittie Landgraf fell or jumped from a window in that part of said building occupied by Stein & Company, and was killed. At the conclusion of the testimony offered on behalf of appellant the court at the instance of appellees instructed the jury in writing to return a verdict of not guilty.

On behalf of appellant it is contended that said building was used for manufacturing purposes and had not as many

fire escapes as the law required.   On behalf of appellees it is claimed that said building was not used for such purposes, and that there were two properly constructed fire escapes upon said building, which fully met all the requirements of the statute.   It is also contended by counsel for appellees that the lack of fire escapes was not the proximate cause of death complained of and that therefore appellant can not recover even if it be considered that the law in regard to the number of fire escapes had not been complied with.

The fire escape upon the west wall of said building connected directly with the space on the fourth floor occupied by Stein & Company, where the deceased was working. At said fire escape there was a double window provided with iron shutters, opening outward, and which were under the control of said Stein & Company.   The shutter on the south half of said double window was kept closed by Stein & Company.   The shutter on the other half was opened every morning by the shipping clerk in the employ of Stein & Company.   Access to the south half of said double window was obstructed on the interior by shelving used by, and under the exclusive control of Stein & Company.   In front of the north half of said window was a packing table used by said shipping clerk.   The fire escape was so constructed as to be reached from either or both of said windows when there was no interior obstruction.

The only neglect charged to appellees· by counsel for appellant is that they failed to provide said building with the number of fire escapes required by the statute.   But that is not alone sufficient to support the claim against appellees. It must also appear that the alleged neglect was the proximate cause of the injury for which it is sought to charge appellees.   L. S. & M. S. Ry. Co. v. Parker, 131 Ill. 557, 566; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510, 514; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117, 120; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218, 229.

It appears that the proximate cause of the death of appellant's intestate was the obstruction of said double window by Stein & Company, or an accident in connection with the

use of the fireman's ladder; but it nowhere appears that such death was the result of any negligence on the part of appellees, or of any person for whose acts or omissions appellees can be held to respond.

The judgment of the Circuit Court must be affirmed.