RUDOLPH BRETSCH, Appellant, v. CARSTEN (Sued as CHARLES) PLATE, Respondent.

*Hall of a tenement in New York city — question as to its being lighted, when one for the jury — photographs thereof taken by flashlight — evidence, in an action for injuries sustained therein in December, that fine print could be read therein in March — competency of the United States Weather Bureau records.*

In an action brought against the owner of a tenement house in the city of New York to recover damages for personal injuries sustained by the plaintiff who fell down a stairway in the hallway of such house, it appeared that the accident occurred on December 13, 1900, between four and four-thirty P. M. At

the time of the accident there was no artificial light in the hallway, which had two ground glass windows, together about fifteen inches wide and five feet high, opening upon an air shaft four feet square extending to the roof. At the top of the house over the stairs was a skylight. There was a transom window over the outer door and a glass window in the vestibule door and the door leading into a lighted room at the head of the stairs was open.

The only issue litigated was whether the hallway in question came within the purview of section 132 of the charter of the city of New York (Laws of 1897, chap. 378) providing, "In every tenement-house in the said city in which there is a hallway or hallways with no windows opening from such hallway outside of said house, a light shall be maintained by said owner or lessee in each such hallway between the hours of eight A. M. and ten P. M. of each day unless said hallway shall be otherwise sufficiently lighted."

*Held,* that such issue should have been submitted to the jury for determination and that it was error for the court to dispose of it as a question of law;

That photographs of the stairway taken with the aid of a flashlight were admissible in evidence for the purpose of showing the construction of the staircase and its situation in the hallway;

That evidence that certain witnesses had been able to read fine newspaper print in the hallway at five P. M., March 18, 1902, was incompetent as it could not aid the jury in determining whether the hallway was sufficiently lighted between four and four-thirty P. M. on December thirteenth, the time of the accident;

That the plaintiff was entitled to prove the condition of the weather on the afternoon of the day of the accident by introducing in evidence the records of the United States Weather Bureau for that date, which records are, by section 944 of the Code of Civil Procedure, made *prima facie* evidence of the matters of fact stated therein.

APPEAL by the plaintiff, Rudolph Bretsch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 24th day of March, 1902, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 25th day of April, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*Robert Stewart,* for the appellant.

*Alvin C. Cass* [*Carl Schurz Petrasch* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

On the afternoon of the 13th day of December, 1900, between four and half-past four o'clock, the plaintiff fell downstairs in a

tenement house, in the borough of Brooklyn, belonging to the defendant. His wrist was broken and his body was bruised by the fall, and for these injuries he has sought to hold the owner responsible in the present action. The negligence charged in the complaint is twofold : *First,* the failure to protect the stairs with a banister or railing ; and, *secondly,* the omission to light the stairway and hall into which it opened.

There was no proof whatever that the stairs were not furnished with proper banisters or rail. The only issue litigated was the sufficiency of the light. At the close of the evidence on both sides the court denied the application of plaintiff's counsel to be allowed to go to the jury on all the facts in the case, and directed the jury to render a verdict in favor of the defendant.

I am of opinion that this disposition of the case was erroneous, and that the plaintiff was entitled to have the evidence submitted to the jury.

At the time of the accident the following statutory provision in reference to the lighting of halls in tenement houses in the city of New York was in force : "The owner or lessee of every tenement or lodging-house in the city of New York shall keep a light burning in the hallway upon each floor of said house from sunset until ten P. M. throughout the year. In every tenement-house in the said city in which there is a hallway or hallways with no windows opening from such hallway outside of said house, a light shall be maintained by said owner or lessee in each such hallway between the hours of eight A. M. and ten P. M. of each day unless said hallway shall be otherwise sufficiently lighted." (Laws of 1897, chap. 378, § 1320.) The evidence tended to show that the defendant had failed to comply with that portion of the provision above quoted which requires a light to be maintained in the hallway during the daytime unless the hallway shall be otherwise sufficiently lighted. By " a light " the statute evidently means an artificial light, such, for example, as is furnished by a lamp, a jet of illuminating gas or some form of apparatus employed to illuminate buildings by means of electricity. The proof is clear and uncontradicted that there was no such light in the hallway at the time when the plaintiff fell. It is conceded that the building was a tenement house within the meaning of the

statute. The hallway containing the stairs down which the plaintiff tumbled had "no windows opening from such hallway outside of said house." It was provided, however, with two ground glass windows which, taken together, were about fifteen inches wide and five feet high. But these were not on the outside of the house; they opened upon an airshaft about four feet square which extended from the bottom of the building up to the roof. At the top of the house over the staircase there was a skylight, but this can hardly be regarded as a window under any admissible classification. It is evident, therefore, that the hallway was of such a character as to come within the purview of the charter provision, and that the owner was required to maintain a light therein at the time when the plaintiff sustained his injuries, unless the hallway was otherwise sufficiently lighted.

The evidence on this last question was conflicting, and the jury should have been allowed to determine the fact. The plaintiff testified that the landing on the first floor was very dark, and his account of the accident, if believed by the jury, would have justified them in finding that his fall was wholly due to the absence of sufficient light. He was corroborated by the witness who picked him up. This witness says that when he went into the hall where the plaintiff was lying at the foot of the stairs, it was very dark there and he could not see the plaintiff until the plaintiff spoke to him. In behalf of the defendant, on the other hand, it was shown that there was a transom window over the outer door and a glass window in the vestibule door, through which some light must have been admitted from without; and there was also proof to the effect that there was a room at the head of the stairs, the door of which was open, and that this room was lighted by two windows looking toward the west. These facts are relied upon as showing that the hall was sufficiently lighted without the use of any artificial means of illumination. This review of the case suffices, I think, to show that it presented an issue which should not have been disposed of as a question of law. Some rulings in regard to evidence are criticised by the appellant, and it may be well to pass upon these, as the same questions may arise upon a new trial.

Two photographs of the stairway were put in evidence by the defendant against the plaintiff's objection and exception. It is argued that they ought not to have been admitted because they were

taken by the use of a flashlight, and, hence, could not aid the jury in determining whether the hallway was sufficiently lighted or not. This is, doubtless, true, but they were useful and available for another purpose. They showed the construction of the staircase and its situation in the hallway, and it was proper that the jury should have the aid of the information which they furnished on these points. Exception was also taken to rulings admitting the evidence of certain witnesses to the effect that they had been able to read fine newspaper print in the hallway at five o'clock P. M. on the 18th of March, 1902. This testimony must have been received in support of the contention on the part of the defendant that the hallway was " otherwise sufficiently lighted " on December 13, 1900, between four and four-thirty P. M., at the time when the plaintiff fell and was hurt. I do not see how it can be regarded as competent for that purpose. The sun sets much earlier on the thirteenth of December than it does on the eighteenth of March, and the evidence, therefore, did not really tend in any way to aid the jury in arriving at a correct conclusion as to the sufficiency of the light at the time of the accident. In the case of *Yates* v. *People* (32 N. Y. 509) it was held that the proof of the condition of a street lamp and its power to diffuse light on the twenty-first of January was no evidence of its condition and power on the first of October preceding. The admission of this evidence here was error, and it was also error in my opinion to refuse to allow the plaintiff to prove the condition of the weather on the afternoon of the day when he was injured by introducing the records of the United States Weather Bureau for that date. These records are *prima facie* evidence of the matters of fact stated therein (Code Civ. Proc. § 944), and proof that a storm prevailed at the time or that the weather was cloudy would tend to support the testimony of the plaintiff as to the insufficiency of the light which came through the transom or from the open room at the head of the stairs.

The judgment should be reversed.

GOODRICH, P. J., WOODWARD and JENKS, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.