## Chicago Folding Box Company v. Edward Schallawitz, by his next friend.

### Gen. No. 11,473.

1. EXPERIMENT—*when evidence of, incompetent.* Evidence of an experiment is incompetent where there is nothing which shows or tends to show that the conditions at the time of its making were the same as when the accident occurred.

2. CONTRIBUTORY NEGLIGENCE—*particular instruction as to, held proper.* An instruction as follows:

" The court further instructs you that if you find from the evidence that the plaintiff while reaching for the roller collar in question allowed some portion of his body to touch the belt shifter and thereby shifted the belt enough to start the machine, and in consequence the plaintiff was injured, then he cannot recover in this case and your verdict must

be not guilty,"—held, supported by evidence in the cause and that it was error to refuse the same.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed January 20, 1905.

**Statement by the Court.**    This is a suit to recover for personal injuries.    Appellant manufactured paper board boxes, and appellee, then a boy about sixteen years of age, was employed at the time of the accident as a press feeder, it is said, although there seems to be some controversy as to the precise nature of his duties.    He had worked for appellant at different times prior to the accident, and at the time when it occurred, March 5, 1901, had been so employed since about the first of January preceding, at which time appellant's plant had been moved to its then location.    Appellant operated in its business three printing presses, one large and one small " Universal " and one known as a " Peerless," and there is evidence tending to show that appellee had operated all of them, both before and after the removal to the new location.    The injury complained of was received from the small " Universal " press.    There is evidence to the effect 'that he had been operating that press the afternoon of the day when he was injured, which, however, appellee denies.    It was an ordinary printing press, the power for which was applied by means of leather belting.    The press was set in motion by a " shifter " or lever which pushed or shifted the belting from a loose pulley over upon a tight pulley, thus making the power operative.    When it was desired to stop the press, the belt was shifted back again upon the loose pulley and application of the power ceased.    Appellee had been directed to remove the rollers from the smaller " Universal " press at or about the conclusion of the day's work in order that they might be cleaned.    In so doing he dropped a small iron called a roller collar, which lodged in the lower part of the press.    He reached with his left arm down into the press and over the lower plate to pick up

Chicago Folding Box Co. v. Schallawitz.

the roller collar when, as his attorney states it, the press " was thrown into gear in some manner," the power became operative and the lower and movable plate or jaw of the press came up, catching the arm and inflicting the injuries complained of. There is evidence, apparently uncontradicted, which tends to show that he might have picked out the roller collar from below and outside the press without trouble and without injury, even with the press in operation.

It is claimed in behalf of appellee that the machinery which had been stopped was set in operation when he was reaching into the press because of an alleged defect in the lever or shifter, of which defect appellee claims to have had no previous notice, and which it is said permitted the belt to slip over from the loose to the tight pulley, and set the machine in motion with no outside intervention. Appellee claims that he was not experienced, that his duties were general and not specific, and that the alleged defect had existed long enough to give appellant constructive if not actual notice, and that the injury was the result of alleged negligence in failing to repair.

Appellant insists that the press was in perfect order; that the belting could not creep over from the loose to the tight pulley when it was thrown entirely off of the latter, and that the accident was caused either by reason of appellee's failure to shift the belting clear of the tight pulley, when he stopped the press, or by his coming in contact with and pushing over the "shifter" when he reached into the press for the roller collar.

The jury returned a verdict in appellee's favor, and judgment was entered for the amount of the finding, from which comes this appeal.

RUSH & HOLDEN and R. D. HUSZAGH, for appellant.

JAMES T. BRADY, for appellee; E. J. RABER, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court. Appellant contends that the verdict and judgment are

against the evidence, that incompetent evidence was introduced, that there was error in the instructions, and that the amount of the judgment is excessive. The last objection, in view of the conclusion we have reached, need not be considered.

The evidence relied upon to sustain appellee's claim that there was a defect in the machinery, which caused the press to start at the moment appellee's arm was inserted, is that the lever was loose; that the press had before been known to start up of itself after it had been stopped, and that early in the morning of the next day after the accident, two of appellee's fellow-employees, now witnesses in his behalf, experimented with and tested the machine; that they shifted the belt to the loose pulley, and that when the power was started, the belt almost immediately shifted itself over to the tight pulley, and the machine was started. One of these witnesses testifies in substance that the experiment was repeated in the presence of a lawyer then representing appellant, who came into the shop later in the forenoon. That the lever was defective, and that the press did or would start of itself, after the belt had been shifted entirely over, is denied by a number of witnesses called in behalf of appellant. As the case must be retried, we refrain from weighing or further considering the evidence upon that question.

The testimony relating to the alleged experiment made by the two fellow-employees of appellee above referred to, was introduced over appellant's objection. It is insisted that it was incompetent, and that its introduction was serious error. The parties said to have been present were two fellow-employees of appellee, and the latter's brother. The time was the morning after the accident and before the commencement of the work of the day. Appellee's witness says, " I just simply pulled out the brake, and that was before the power started, and sat on a bench and watched the power; it was just about half speed, and the press started up by itself." There is nothing which shows or tends to show that the conditions at the time were the same as

Chicago Folding Box Co. v. Schallawitz.

when the accident occurred. Nothing appears as to the position of the belt or the shifter, whether the former was entirely off of the tight pulley or not. At the time just preceding the accident, according to appellee's statement, the press was stopped while the power was still operative. He told an attorney for appellant, as he testifies, that he—appellee—"had stopped the machine, and had thrown the belt from the tight to the loose pulley before taking out the inking rolls; that the press was standing still when I took out the inking rolls, and when I reached in to get the roller rolls." Obviously the conditions at the time of the experiment were not the same as at the time of the accident. Appellee was in contact with the press when he was hurt, and the test as made afterward could throw no light on the controverted question whether, as appellant claims, the press was started by appellee himself, when he reached into the machine, by his coming in contact with the shifter in such a way as to shift the belt. Evidence of experiments of this nature, made after the occurrence, is to be received with caution. The effort to shift the belt at the time of the alleged experiment, testified to by the witness, was made before the power was turned on in the shop. The shifting, when the press was stopped, just before the accident, was made with the power on and the press in motion, and the difference in this respect might readily affect the result. The conditions of the experiment being substantially different from those existing at the time of the accident, the testimony with reference to it was clearly incompetent and should have been excluded. 12th A. & E. Ency. of Law, 2nd ed., p. 406; Libby v. Scherman, 146 Ill. 540–550; C. & A. R. R. Co. v. Logue, 47 Ill. App. 292–296; Lake E. & W. R. R. Co. v. Mugg, 132 Ind. 168–174. For like reasons, which need not be restated, we are of opinion that the testimony of appellee's witness as to what he told appellant's attorney, and what occurred in an alleged experiment in the latter's presence, was also erroneously admitted. It was introduced, moreover, upon rebuttal, and was improper.

Complaint is made of a number of instructions given and

refused, which, as there must be another trial for other reasons, we deem it unnecessary to consider at length. To do so would involve merely a restatement of well-known principles. Appellant requested the court to give an instruction as follows:

"The court further instructs you that if you find from the evidence that the plaintiff, while reaching for the roller collar in question, allowed some portion of his body to touch the belt shifter and thereby shifted the belt enough to start the machine and in consequence the plaintiff was injured, then he cannot recover in this case and your verdict must be not guilty."

Appellee argues that this instruction was properly refused for want of evidence upon which to base it. There is, however, evidence tending to support appellant's theory in this regard. There is testimony to the effect that immediately after the accident appellee explained it by saying that when reaching into the press he must have leaned against the shifter; and it was for the jury to consider the evidence as to appellee's position and all the conditions existing at the time, and determine whether under the evidence, the accident was caused in that way. If it was, then the injury complained of was inflicted by appellee upon himself and was not caused by negligence of appellant and no recovery can be had. The instruction was proper under the evidence and its refusal was erroneous.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*