window in the front of the premises, where the accident occurred by his tripping over the projection of the trapdoor.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 84; Dec. Dig. § 80.*]

Appeal from Municipal Court of New York.

Action by Theresa Dempsey against Frederick Eberspacher. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frederick W. Clifford, for appellant.

J. Harry Tiernan, for respondent.

RICH, J. The Municipal Court justice has found that the breaking was caused by the defendant's negligence. The plaintiff, at the time of the accident, maintained in front of her premises a board walk, three or four feet wide, in which there was a trapdoor opening from the sidewalk into the cellar. Directly in front of this walk was a dilapidated stone walk, five or six feet wide, between the curb and the board walk. The trapdoor had been out of repair, and did not close properly, for some time prior to the accident, which occurred by defendant's tripping over a projection thereof, which was about an inch higher than the surface of the walk. The evidence discloses that this trapdoor was wrongfully maintained in a dangerous condition by the plaintiff, and she should not be permitted to recover for the consequences of her own wrongful act.

The judgment of the Municipal Court must be reversed, and a new trial ordered, costs to abide the event. All concur.

---

### GREEN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

EVIDENCE (§ 150*)—COMPETENCY—EXPERIMENTS.

    In an action for injuries to plaintiff's truck, which broke down on defendant's railroad track and was struck by a locomotive, there was evidence that there was a red light on the truck at the time of the accident. *Held*, that the admission of the evidence as to a test before the trial as to how far a red light could be seen on the track under circumstances like those on the night of the accident was error.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 439; Dec. Dig. § 150.*]

    Hirschberg, P. J., dissenting.

Appeal from Trial Term, Nassau County.

Action by Patrick F. Green against the Long Island Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, it appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Matthew J. Keany (Dominic B. Griffen, on the brief), for appellant.
John J. Graham, for respondent.

JENKS, J.   The plaintiff has recovered a verdict for the negligence of the defendant, whereby his motor truck was injured.   About 10 p. m. on September 30, 1907, the plaintiff attempted to drive the truck along a public highway, in a country district, where it crossed at right angles the defendant's track, north of and near to defendant's Glenhead station.   But the truck broke down on the rails and could not be moved, so that the locomotive engine of defendant's oncoming passenger train struck it.

There was testimony that there was a red light upon the truck at the time of the accident.   The learned trial court, under objection, permitted the plaintiff to show by a witness that a few nights before the trial the witness and the plaintiff went to the scene of the accident, with the same red light, when the plaintiff stood on the crossing where the accident occurred, held "the light at the height it was on the machine when it was struck," and the witness went down the tracks to see how far he could see it, and that he could see the light for 3,000 feet.   The contention of the plaintiff was that the weather conditions of the nights of the accident and the experiment were essentially the same.   The plaintiff testified that the night of the accident was dark and cloudy and that the night of the experiment was gloomy.   The witness who participated in this test testifies the night was quite stormy, rainy, gloomy, and dark.   I think that the reception of this evidence was error.   Yates v. People, 32 N. Y. 511; Bretsch v. Plate, 82 App. Div. 399, 81 N. Y. Supp. 868; Chicago & Alton R. R. Co. v. Logue, 47 Ill. App. 292.   To hold the admission of this testimony reversible error, I go so far as to say that upon the record before us I have grave doubts whether, aside from the element of the red light, there was proof of negligence.   But in saying this much I do not express any opinion whether, aside from this objectionable testimony, the plaintiff made out a case upon the circumstance of the red light.   In fine, in view of a new trial, which does not require any declaration of the law, for it is familiar, I put this judgment of reversal upon the erroneous ruling discussed.

The judgment and order must be reversed, and a new trial be granted; costs to abide the event.   All concur, except HIRSCHBERG, P. J., who dissents.