THE PEOPLE *against* HALLETT, Sheriff of HERKIMER.

In the original suit, the plaintiff recovered in debt on bond in the penalty of $250, conditioned to pay $150. The judgment was by default for want of a plea. This suit was an attachment against the defendant for not returning the *fi. fa.* and it being agreed that the costs upon the attachment must follow at the same rate with those in the original cause, it was submitted upon this ground. (Vid. *The People* v. *Chapman, Sheriff of Seneca*, 1 Cowen's Rep. 214.)

*M. Hoffman*, for the defendant, relied on the words of the act concerning costs, (1 L. R. 344, s. 4,) and insisted that 6 cents nominal damages, for the detention of the debt, can not be regarded.

*P. Gansevoort*, contra, cited *Clapp* v. *Reynolds*, (2 John. Cas. 409,) where the damages were held to make part of the

Nominal damages are not given in a judgment by default in debt; And so where judgment was for the plaintiff by *nil dicit*, for $250, the penalty of a bond; *held*, that the plaintiff could not add nominal damages to raise it above $250, in order to carry supreme court costs.

ALBANY,
Feb. 1825.

The People
v.
Hallett.

amount for the purpose of costs, in an action upon a penal bill. He insisted that the nominal damages might be taken into the account, upon the question of costs. To show that nominal damages were allowable, he cited Caines' Practical Forms, 215, s. 10.

*Curia.* No nominal damages are given in a judgment by default in debt.(a) The judgment consists of the debt and costs—nothing more. The costs must be taxed at the Common Pleas rate.

Rule accordingly.

(a) And so are the entries in Lil. Ent. 473, 483, 503. Tidd. Pr. Forms, 169–70, on *mutuatus.* So of debt on bond. (Id.) So in 5 Wentw. 165–6, 414; and 10 id. 427–8, 453; and 7 id. 402.

Nominal or other damages are given by verdict in debt. (Lil. Ent. 257, 379. Tidd. Pr. Forms, 186–7.

And hence, *Clapp* v. *Reynolds,* (2 Johns. Cas. 409,) was probably the case of a verdict; and what is said by Buller, J. in *Lord Lonsdale* v. *Church,* (2 T. R. 398,) and by Lord Kenyon, Ch. J. in *Wilde* v. *Clarkson,* (6 T. R. 304,) of nominal damages, must also be understood in reference to a recovery by verdict.