## JAMES T. SNELL

*v.*

## JOHN WARNER *et al.*

1. Costs—*when error is cured by remittitur.* Where an appeal is taken from a judgment for more than was due and the error is cured by the entry in the court in which the appeal is pending, of a *remittitur* of the sum in excess of what it should have been, the judgment will be affirmed as reduced, but the appellee or defendant in error will be required to pay all the costs incurred on the appeal up to and including the entering of the *remittitur.*

2. Practice in the Supreme Court—*of a partial reversal.* Where the appeal in such case was to the Appellate Court, and that court affirmed the judgment of the circuit court, but erroneously entered judgment for costs against the appellant, on appeal to this court, it being considered the judgment of affirmance in the Appellate Court was correct, that part of the judgment was affirmed here, and only the judgment for costs reversed.

Appeal from the Appellate Court of the Third District; the Hon. Chauncey L. Higbee, presiding Justice, and the Hon. Oliver L. Davis and Hon. Lyman Lacey, Justices.

Mr. E. H. PALMER, for the appellant.

Messrs. MOORE & WARNER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from the Appellate Court of the Third District.

The suit was upon a promissory note, and judgment was rendered in the circuit court for $1,195.33, when in fact, as the evidence showed, the amount of the judgment should have been only for $1,185.22.

In the Appellate Court a *remittitur* was entered for $10.11, and thereupon the judgment of the circuit court was affirmed for the residue, and the costs of the appeal were taxed to the appellant in that court, who is also the appellant here.

There can, on the authority of the previous decisions of this court, be no question but that judgment was erroneous. We have repeatedly held, where a judgment is taken for too large an amount in the court below, and the excess is cured by a *remittitur* in this court, the party entering the *remittitur* must pay all costs incurred in this court up to the time of entering the *remittitur*. *Lowman* v. *Aubery et al.* 72 Ill. 619; *Pixley et al.* v. *Boynton et al.* 79 id. 351; *Nixon* v. *Halley*, 78 id. 611. This, however, affects only so much of the judgment as relates to the question of the costs of the appeal in the Appellate Court. The balance of the judgment is correct, and should not be disturbed. It will therefore be affirmed, and the judgment for costs alone will be reversed, and the cause will be remanded to the Appellate Court, with directions to enter judgment for all costs made by the appeal to that court, up to and including the entering of the *remittitur*, against the appellee in that court.

*Judgment affirmed in part, and in part reversed.*