Utter v. Jaffray.

## GEORGE W. UTTER ET AL.

### V.

## E. S. JAFFRAY ET AL.

PRACTICE.—Where by mistake in an amended declaration the *ad damnum* was laid out at a less sum than the amount claimed in the affidavit to hold to bail, the process of capias issued therein, and the original declaration, and by consent there was a trial by the court below and judgment was given for the plaintiffs for the sum claimed in the affidavit to hold to bail, and no exception was then or at any time interposed by the defendants. *Held*, that under the liberal and enlightened practice now prevailing the judgment should not be reversed for this cause. The motion in this court to amend will be granted.

ERROR to the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding. Opinion filed October 10, 1884.

Messrs. BELL & GREEN, for plaintiffs in error; that where the judgment is for more damages than are laid in the *ad damnum*, it will be reversed on error, cited Oakes v. Ward, 19 Ill. 46; Kelley v. Nat. Bk., 64 Ill. 541; Brown v. Smith, 24 Ill. 196; Walcott v. Holcomb, 24 Ill. 331; Altes v. Hinckler, 36 Ill. 275.

Messrs. ASHCRAFT & STEILMAN, for defendants in error; that where a cause is tried by the court by consent of parties, without a jury, the finding of the court can not be questioned on appeal or error, unless the record shows that exceptions were taken to the decision of the court, or that a motion was made for a new trial and overruled, and the decision of the court excepted to, cited Duncan v. Chandler, 5 Bradwell, 499; Hartford Fire Ins. Co. v. City of Paris, 8 Bradwell, 181; Parsons v. Evans, 17 Ill. 238; Sherman v. Skinner, 83 Ill. 584; D. M. Force Mfg. Co. v. Horton, 74 Ill. 310; Dickhut v. Durrell, 11 Ill. 72; Gibbons v. Johnson, 3 Scam., 63; Reichwald v. Gaylord, 73 Ill. 503; R. S. Ch. 110, § 60; Bowden v. Bowden, 75 Ill. 111.

Utter v. Jaffray.

Where the objection is one that might have been obviated by amendment if it had been seasonably made in the court below, it can not be urged for the first time in this court: Tug Boat v. Waldron, 62 Ill. 221; Zeigler v. Cox, 63 Ill. 48; Thompson v. Hoagland, 65 Ill. 310; Pugh v. Calloway, 10 Ohio, 488; Rivereau v. St. Ament, 3 Ia. 118; Crosson v. White, 19 Ia. 109; Haverhill v. Cronin, 4 Allen (Mass.), 141; Robinson v. English, 34 Pa. 324; Penn. etc., Co. v. Neel, 54 Pa. 9.

PER CURIAM. The only error assigned is that the judgment exceeds the *ad damnum* laid in the declaration.

On examination of the record originally filed, we find it is not made up in accordance with the rule (8) of this court, which requires first, a copy of the process; second, the pleadings of the parties, etc.

The record begins with an order of the court below granting leave to plaintiffs to amend their declaration. The defendants in error have entered a motion for leave in this court to amend the amended declaration by increasing the *ad damnum*, and with the motion have filed a certified copy of the affidavit to hold to bail, filed at the commencement of the suit, the process of capias issued thereon and the original declaration, from all which it seems clear that it must have been by inadvertence merely that the *ad damnum* in the amended declaration was laid out at a sum less than the amount claimed in the affidavit to hold to bail.

Defendants in error suggest that by virtue of clause 10, Sec. 6. Ch. 7, R. S., they may have leave to amend their declaration in this court. We are not perfectly clear that the case is within that provision, but we will permit the transcript of the record filed with the motion to be filed as a part of the record in the cause and will treat it accordingly.

The record being so completed the question arises whether the judgment should be reversed for the error assigned.

Formerly such would have been the result, nor could the amendment necessary have been made in the circuit court except upon terms of payment of cost, setting aside the verdict and granting a new trial. But by section 24 of the Prac-

tice Act as now in force, the utmost liberality as to amend-
ments is allowed for the furtherance of justice and in avoid-
ance of the evils and hardships constantly occurring under the
old practice, care being taken always to permit no undue ad-
vantage to be secured thereby and to impose such terms as
may be reasonable.

Under this section it can not be doubted that had the atten-
tion of the court been called to it, the necessary leave to
amend would have been granted as a matter of course. It
appears from the record that the case was submitted to the
court without a jury by consent, and that the court, after hear-
ing the evidence and arguments, gave its judgment in favor
of the plaintiffs for the sum claimed in the affidavit to hold
to bail, which was within the *ad damnum* in the original
declaration, and that no exception was then or at any time
interposed by the defendants.    In the case of Bowden v.
Bowden, 75 Ill. 111, where the action being debt, the judg-
ment was in damages, the Supreme Court refused to reverse
notwithstanding the repeated rulings of the court, and say
that, " In view of the course of legislation upon kindred
topics, we have arrived at the conclusion that for mere tecl -
nical errors like this we will not reverse, unless by some
motion for new trial, or in arrest of judgment, or some other
proper motion, the question shall be raised in the court below. '

In I. & St. L. R. R. Co. v. Estes, 96 Ill. 473, there was a
substantial variance between the allegations and proof on an
important point, and there was wholly wanting a material
allegation which was necessary to admit certain proof that
was heard; but though there was objection generally to the
proof the special ground was not pointed out and the court
say:    " We have heretofore held that an objection of this
kind, which, if specifically pointed out in the circuit court
may be at once obviated, can be of no avail unless the atten-
tion of the court is specially called to the point.    A case
ought not to be reversed in this court on a question which
the circuit court did not in fact decide and which if presented
to that court might have been at once obviated."    To the
same effect is St. Clair Co. B. S. v. Fietsam, 97 Ill. 474.

The error here complained of can not have operated prejudicially to the plaintiffs in error. They were apprised by the affidavit for bail as to the exact sum demanded by plaintiffs below, and the fact that they made no objection to the judgment of the court is conclusive that they had not observed the mistake in the amended declaration, or if they had, they refrained from pointing it out, with the design of gaining the advantage now sought.

Under the more liberal and enlightened practice now prevailing, we think the judgment should not be reversed for this cause, and to quote again from Bowden v. Bowden, *supra*, " if a party will be silent on the occurrence of such a mistake, one that would be corrected on the instant should the attention of the court be called to it, one that in no wise affects the merits of the controversy, he ought to be foreclosed of his rights to assign it for error in this court."

The judgment will be affirmed.

Judgment affirmed.