JOHN TOMLINSON *et al.*

*v.*

EMANUEL EARNSHAW *et al.*

*Filed at Ottawa November 17, 1884.*

1. PRACTICE—*time to object—that an amendment of declaration was allowed after the verdict.* The objection that the trial court allowed the *ad damnum* laid in a declaration to be amended after verdict, by increasing the amount, should first be made in that court on motion for a new trial, or the same can not properly come before this court.

2. AMENDMENT OF DECLARATION—*increasing ad damnum after verdict.* There is no error in allowing an amendment of a declaration by increasing the *ad damnum* after verdict. Such an amendment relates to matter of form, rather than substance.

3. REVERSING, AND REMANDING—*with directions.* It is not erroneous for the Appellate Court, upon reversing and remanding a cause, to direct the court below, upon a *remittitur* being made of so much of the judgment as is improper, to enter judgment for the balance of the verdict.

4. EVIDENCE—*as to characteristics of a particular article contracted for as of the best quality.* In a suit to recover the price of Aux Sable sandstone, sold under a contract to furnish the first quality of such stone, the defence being that all the stone delivered under the contract contained iron spots, it was *held,* that evidence on the part of the plaintiff tending to show that all Aux Sable stone contained iron spots, was material and admissible. The seller can not be held to furnish stone free of a blemish or defect common to all stone of the quality contracted to be furnished.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ALLAN C. STORY, for the appellants.

Mr. W. W. GURLEY, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

A reversal of the judgment below is asked upon three grounds: First, because the court allowed the *ad damnum* to be amended by increasing the amount, after verdict; second, because the Appellate Court, after reversing and remanding the cause, directed that the Superior Court, upon a *remittitur* being made by appellees of $230.90, enter judgment in their favor upon the verdict for the residue of the amount found by it (namely, $768.36,) to be due from appellants to appellees; and third, because the Superior Court admitted evidence to go to the jury, over appellants' objection, tending to prove that all Aux Sable stone contained iron spots, etc.

The first of these grounds is not properly brought before us. The point should have been made in the motion for a new trial, so that the Superior Court could have had an opportunity to revise, and, if need be, correct, its ruling in that

regard. It is not assigned as one of the grounds why a new trial was asked, nor was it assigned for error in the Appellate Court. Waiving these objections to its consideration, however, we are of opinion the amendment was properly allowed. It is within the spirit, if not the very letter, of the statute, and it could not, possibly, have prejudiced the rights of appellants. It related to a matter of form, rather than of substance. In principle, the rulings in *Thompson* v. *Sornberger*, 78 Ill. 353, *McCollom* v. *Indianapolis and St. Louis Railroad Co.* 94 id. 534, *Cogshall* v. *Beesley*, 76 id. 445, and *Chester and Tamaroa Coal and Railroad Co.* v. *Lickiss*, 72 id. 521, are analogous.

The second ground is answered by *West Chicago Alcohol Works* v. *Sheer*, 104 Ill. 586. Here, as there, the only error was in the allowance of interest, and the Appellate Court, upon appellees manifesting a disposition to enter a *remittitur* of the amount of interest, followed the practice observed in that case, and directed the Superior Court, upon the *remittitur* being made, to give judgment for the balance of the verdict. We think the practice unobjectionable. In such cases there can be no useful end subserved by sending the case to another jury. The issues of fact are correctly settled, and the error is one of law, only, and in nowise affecting the merits of the verdict in any other respect.

As to the remaining ground, it became upon the trial a material question whether first quality Aux Sable sandstone contained iron spots. The contract was to furnish first quality Aux Sable sandstone, and the evidence objected to, tended to show that such stone contained iron spots. Instead of being collateral, the evidence was direct to a material issue. Appellees could not be held to furnish stone free of a blemish or defect common to all stone of the quality contracted to be furnished. We think the evidence was properly admitted.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*