AARON GIBBS

v.

SAMUEL A. FRENCH ET AL.

*Action of Debt on Penal Bond—Damages  in Excess of* Ad Damnum—Remittitur—*Costs.*

In an action of debt on a penal bond, wherein the damages adjudged exceed the *ad damnum*, this court suggests that the decisions by the Supreme Court to the effect that this is error are based upon a mistake, the *ad damnum* having reference only to the damages sustained through failure to pay the penal sum mentioned in the bond.    The plaintiffs having remitted the excess, in this case, the judgment is affirmed, costs being allowed to defendant up to, and including only, the entry of the *remittitur.*

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. Frederick C. Hale, for appellants.

Messrs. French & May, for appellees.

Gary, J.   The only error in this case, it being an action of debt on a penal bond, is that the damages adjudged exceed the *ad damnum.* And this error is an artificial one, growing out of a mistake made in Fournier v. Faggott, 3 Scam. 347, and persistently adhered to ever since, that in actions on penal bonds the *ad damnum* must be large enough to cover the damages assessed.

The statute of 1845, which is the earliest to which I have access, was probably the same as the earlier one to which reference is made in 3 Scammon, and the only change made by the practice act of 1872 is by placing "shall" in lieu of "may" in the second line of Sec. 20. In substance, this statute had been in force in England for a century and a half before the decision in 3 Scammon, and the practice had been uniform that the form of the judgment remained as before; that the plaintiff had no judgment for the damages assessed for breaches of the condition, but that execution was awarded for, and indorsed with a direction to levy only, the damages assessed for such breaches, with the costs. The whole proceedings are fully stated in notes to Gainsford v. Griffith, 1 Saund. 51, and Roberts v. Mariett, 2 Saund. 183. See also Smith v. Jansen, 8 Johns. 111. And the *ad damnum* at the end of the declaration had no reference to the damages for the breach of the condition, but only to those sustained by not paying the penal sum mentioned in the bond, and were, therefore, merely nominal. 2 Ch. Pl. (Seventh Lond. Ed.) 442 *et seq.* in notes; Selw. N. P. 554; People v. Hallett, 4 Cow. 67 and notes, Ed. 1883.

But this mistake has, by numerous decisions, become a part of the law of this State. Brown v. Smith, 24 Ill. 196. It only imposed upon the pleader the obligation to conform to it. If the appellee had not, in this case, remitted the excess, it would have deserved consideration whether this court should not have left to the Supreme Court the opportunity to rectify the mistake, but they having done so, the only course

open is to affirm the judgment for $948.58, the sum laid in the *ad damnum*, the appellant to recover costs up to, and including only the entry of the *remittitur*.    Snell v. Warner, 91 Ill. 472.

*Judgment affirmed.*