## Metropolitan Accident Association v. Myrtle Froiland.

1. INSURANCE—*Construction of Policy.*—Insurance policies are to be liberally construed in favor of the insured so as not to defeat, without a plain necessity, the claim to the indemnity which, in making the insurance, it was the object to secure. When words are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss, must, in preference, be adopted.

2. ACCIDENT INSURANCE—*Death by Poison.*—A death occasioned by the accidental swallowing of an overdose or excessive quantity of a poison is a death caused by external and violent means.

3. TAKING POISON—*Ordinary Meaning of the Term.*—The words "the taking of poison" are ordinarily used to mean taking by swallowing, and the court is unable, in reference to such manner of taking, to perceive that any additional force or meaning is imparted to a certificate of insurance against accidents, by adding to the clause "by the taking of poison" the words "in any way or manner."

4. PROOF OF LOSS—*Waiver.*—Where an insurance company denies all liability under its policy, the making of proofs of death are waived.

5. LIMITATIONS—*By Stipulations in Policies.*—Where a beneficiary, under a policy of insurance, is informed that the company would not recognize the claim, such beneficiary, under a by-law of the company providing—"No suit shall be commenced or maintained against the association unless the same shall be commenced within thirty days from and after the date of the refusal of the association to entertain a claim or pay an award. The failure of the association to pay a claim within sixty days from the date of filing with the association of proofs thereof shall be construed by the member as a refusal on the part of the association to pay said claim, and no suit or proceeding at law shall be brought by said member, his heirs, executors, administrators or assigns, unless the same shall be commenced within thirty days from the expiration of

the said sixty days hereinbefore mentioned "—would have a right to wait until the expiration of sixty days from the death of the insured before taking notice that the claim would not be voluntarily paid, and may, upon such expiration, sue at once.

6. PRACTICE—*Where the Recovery Exceeds the Ad Damnum.*—Where the finding and judgment exceed the *ad damnum*, and the fact is not pointed out and excepted to in the court below, it can not be raised on appeal.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

## STATEMENT OF THE CASE.

The defendant, The Metropolitan Accident Association, is a mutual benefit association. Herman Martin Froiland made his application to the defendant for membership in the association. The application was in writing and contained, among other things, this provision: "I agree that this insurance shall not be held to extend to poison in any way taken, administered, absorbed or inhaled."

It also contained this provision:

"I agree that any failure on the part of myself, my heirs, legal representatives or beneficiaries, to comply with the terms, provisions, conditions and limitations of the by-laws (as they now exist or may hereafter be amended by the members of the association), etc.,   *   *   *   shall work a forfeiture of my membership and all benefits thereunder."

This application was signed and delivered to the defendant association, which thereupon issued to him its certificate of membership, which provided for the payment of $5,000 in case of death of the member, to the plaintiff, within ninety days of the receipt of satisfactory proof of such death.

The certificate also provided as follows: " An immediate written notice by the member or his representative to the association in Chicago, stating time, place and manner, and nature of injury, and the certificate of a surgeon who has examined said injury as soon as his services could be secured, are conditions precedent to recovery, unless compliance

therewith is impossible; in such event, said notice to be given as soon as possible."

The by-laws provided, among other things, as follows:

"12. (B.) The benefits under the certificate of this association shall not extend to any case in which there shall be no external or visible signs of injury, nor to death or disability happening directly or indirectly in consequence of taking of poison (sane or insane)," etc.

"22. Suits. (A.) No suit shall be commenced or maintained against this association unless the same shall be commenced within thirty days from and after the date of the refusal of the association to entertain a claim or pay an award."

On the 27th of February, Herman Martin Froiland accidentally drank a glass of poisoned water in place of distilled water, which he supposed he was drinking, and died within a few hours thereafter. At the time that he died he was in good standing in the association. No written notice of the alleged accident was ever given by the plaintiff to the defendant, nor was any certificate of any attending surgeon or physician furnished to the defendant, nor were any proofs of loss filed with the defendant.

On the 21st or 22d day of March, 1893, the plaintiff, with her attorney, went to the office of the defendant, and they were then and there notified that the defendant would not pay the claim and refused to entertain it.

The plaintiff began this action on the 5th day of May, 1893. Her declaration sets forth the certificate, the portion of the application which has been quoted above; alleges that the plaintiff died from the effect of poison taken by him accidentally and in the place and stead of distilled water, but says that he did not die from "poison in any way taken, administered, absorbed or inhaled, within the meaning of said words as used in his said application for membership;" alleges the waiving by the defendant of any proof of death of Froiland, and that she, the plaintiff, "has observed and kept all things in the said policy of insurance contained, on her part to be kept and performed."

To this declaration pleas were filed consisting, first, of the general issue, and the second, of a special plea that the suit was not begun within thirty days from the refusal of the defendant to entertain the plaintiff's claim.

To this special plea the plaintiff replied, first, that there was no such by-law limiting the time within which to bring suit; second, that she was prevented by the fraud and false representations of the defendant from bringing her action within the time provided by the by-laws.

To the last special replication the defendant demurred, and this demurrer was overruled. Issues were then joined and the parties went to trial.

There was a finding for the plaintiff; motion for new trial; motion in arrest; judgment for the plaintiff and appeal.

SMITH, SHEDD & UNDERWOOD, attorneys for appellant.

JAMES SMITH, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Insurance policies are to be liberally construed in favor of the insured so as not to defeat, without a plain necessity, the claim to the indemnity, which, in making the insurance, it was the object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted.

Having in view this rule of construction, the Supreme Court of this State in Healey v. Mutual Accident Association, 133 Ill. 556, held that a death occasioned by the accidental swallowing of an overdose or excessive quantity of chloral was caused by external and violent means.

The certificate in that case contained the following: "Provided, always, that benefits under this certificate shall not extend to any death which may have been caused    *    *    *    by the taking of poison."

The words "the taking of poison," are ordinarily used to

mean taking by swallowing; we are unable in reference to such manner of taking, to perceive that any additional force or meaning is imparted to the certificate by adding to the clause " by the taking of poison," the words, " in any way or manner."

The Supreme Court of this State in the case above cited said: " Indeed, we are inclined to concur with what was said by the Court of Appeals of New York in Paul v. Travelers Ins. Co., 112 N. Y. 472, that where a death is the result of accident, or is unnatural, implies an external and violent agency as the cause." It is clear that in the Healey case the Supreme Court of this State had in mind and passed upon the question of death arising from the taking of poison, under a certificate substantially like that presented in the case at bar. This court, following the Supreme Court, has at this term, in Travelers Ins. Co. v. Dunlap, opinion filed July 5, 1895, passed upon the principal contention of the present appellant, and to that cause we now refer for a more complete statement of reasons for our present action.

The company having denied all liability, the making of proof of death was thereby waived. Williamsburg Ins. Co. v. Carey, 83 Ill. 454.

There is no dispute that it was notified (informally) of the death and claim. Whether the question of waiver was (in form) properly found by the court is immaterial, as the fact of conduct amounting to a waiver is indisputable.

It is contended that the action was prematurely brought. The insured died February 27th; this suit was begun May 5th.

The certificate contains the following: " For the loss of life, either immediately or within ninety days of the said accident, $5,000 shall be paid to Mrs. Myrtle Froiland, if surviving, otherwise to the legal representatives of the insured, within ninety days after the receipt of satisfactory proofs thereof."

Section 22 of the by-laws is as follows: " No suit shall be commenced or maintained against this association unless the same shall be commenced within thirty days from and

after the date of the refusal of the association to entertain the claim or pay an award. The failure of the association to pay a claim within sixty days from the date of filing with the association proofs thereof, shall be construed by the member as a refusal on the part of the association to pay said claim, and no suit or proceedings at law shall be brought by said member, his heirs, executors, administrators or assigns, unless the same shall be commenced within thirty (30) days from the expiration of said sixty (60) days hereinbefore mentioned."

It is admitted that March 22d the secretary of the company told appellee that her claim would not be paid, yet no formal notice that the company would not recognize the claim of appellee was ever given to her. We are therefore of the opinion that she had, under by-law 22, a right to wait until the expiration of sixty days from the death of the insured before taking notice that her claim would not be voluntarily paid, and that upon the expiration of sixty days a right of action accrued at once (Ætna Ins. Co. v. Muguire, 51 Ill. 342; Williamsburg Ins. Co. v. Carey, 83 Ill. 453; May on Insurance, Sec. 488), which action she properly brought May 5th. As to whether the limitation of thirty days is a reasonable one, we express no opinion.

We regard the allegations of the declaration, after verdict, as sufficient in this regard. See Tidd's Practice, Sec. 451–919. Appellant waived its demurrer to the declaration by pleading without asking for a decision thereon.

We see no reason why the insured and appellee were not bound by the by-laws of the company; yet we regard the findings of the court in respect to such by-laws as immaterial, it appearing that appellee has complied with all regulations not waived by appellant.

Under the rule laid down by the Supreme Court in the 133d Illinois, appellee was, upon the facts, entitled to recover. Whether the court should have sustained appellant's demurrer to the special replication of appellee is immaterial, as her action was brought within thirty days after she was chargeable with notice, under the by-laws, that the company would not pay her claim.

That the finding and judgment exceeds the *ad damnum* of the declaration was not a matter pointed out and excepted to in the court below, where an amendment could easily have been made; such objection can not be here first made. Utter v. Jaffray, 15 Ill. App. 236; Tomlinson v. Earnshaw, 112 Ill. 311.

The judgment of the Circuit Court is affirmed.