# Grand Lodge of Ancient Order of United Workmen v. Margaret Bagley.

1. INTEREST—*Recovery of—When Not Claimed in the Declaration.*—Where interest is not specifically claimed in a declaration in debt, it can not be considered as a part of the debt and can only be recovered as damages.

2. PRACTICE—*Rendering Judgment in Excess of the Ad Damnum.*—The objection that the judgment is in excess of the *ad damnum* can not be made for the first time in the Appellate Court.

**Action of Debt.**—Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

JOHN P. AHRENS, attorney for appellant, contended that as no interest was claimed in the declaration, it was error to include interest in the judgment. And when the finding and judgment exceed the amount of the *ad damnum* of the declaration the judgment should be reversed. Oakes v. Ward, 19 Ill. 45; Russell v. City, 22 Ill. 283; Brown v. Smith, 24 Ill. 196; Walcott v. Holcomb, 24 Ill. 331; Rives v. Kumler, 27 Ill. 291; Kelly v. Third Nat. Bank, 64 Ill. 541.

F. W. BECKER, attorney for appellee, contended that when interest is claimed as damages, no express allegation for it seems to be necessary in the declaration. Precedents of Pleading, Bullen & Leake, 43.

Since the statute 3 and 4 W. 4, Ch. 42, Sec. 18, interest is recoverable in many cases without expressly declaring for interest, provided the damages at the conclusion be sufficient to cover it. 1 Chitty Pl. 358; Blake v. Lawrence, 4 Espinasse 147.

" Subsequent interest can not be properly included as a debt in the sum demanded, but may be recovered as damages for the detention of the principal sum and interest due beyond the named day, and a sum sufficient to cover the subsequent interest should be laid as damages at the end of the declaration, and the verdict should be taken for damages, including subsequent interest." 2 Chitty Pl., 435, n.

" It is unusual and unnecessary for plaintiff in the action of debt to demand in the commencement of his declaration the interest as well as the debt which the debtor owes him." Dudley v. Lindsay, 9 B. Mon. (Ky.) 486.

"As interest was not specifically claimed in the declaration it could not be considered as a part of the debt. If recoverable at all, it was only as damages for the detention of the debt. Judgment should have been entered for the amount of the indebtedness established by the evidence as

the debt, and for the amount of the interest due thereon, as the damages." March v. Wright, 14 Ill. 248.

" Damages in an action of debt are in general merely nominal, and not, as in assumpsit, the principal object of the suit; and therefore a small sum, as £10, is usually inserted. But if the contract declared upon be limited to a particular sum, and the plaintiff proceed for a larger sum for interest or delay of payment, then the sum at the conclusion should be proportionately large so as to cover the utmost interest or damages, for the detention that may be claimed, either by contract or damages, under 3 & 4 W. 4, c. 43, § 28." 1 Chitty Pl. 374.

The point that the damages exceeded the *ad damnum* was not made below, and it can not now be urged for the first time. Bowden v. Bowden, 75 Ill. 111; Utter v. Jaffray, 15 Brad. 236; O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

Mr. Justice Waterman delivered the opinion of the Court.

This case is now here for the third time.

The record at this time presented is substantially like that upon which the judgment of this court was given November 17, 1892. The opinion published in 46 Ill. App. 411, sets forth the reasons actuating the court, at that and this time, upon all questions save that of interest upon the debt, recovered upon the last trial.

Interest not having been specifically claimed in the declaration, the action of the court in rendering judgment for $2,000 debt, and also for $1,217 damages, was in accordance with the rule announced in Marsh v. Wright, 14 Ill. 248; Mayer v. Hutchinson, 2 Gilman 266, and Williams v. Bank of Illinois, 1 Gilman 667.

In the last mentioned case, the judgment being entered for an aggregate sum, including debt, interest and damages, without distinguishing either, the Supreme Court corrected the error by itself entering a judgment for $595 debt and $155.69 damages, with the costs of the court below.

The plaintiff was entitled to an allowance of interest.

Supreme Lodge Ancient Order United Workmen v. Zuhlke, 129 Ill. 298.

No objection was made in the court below to an entry of judgment for a sum exceeding the *ad damnum* of the declaration; there the irregularity could easily have been corrected by amendment. Such objection can not be made for the first time in an Appellate Court. Grand Lodge Ancient Order of Workmen, 50 Ill. App. 101-108; I. & St. L. R. R. Co. v. Estes, 96 Ill. 473; Utter v. Jaffray, 15 Ill. App. 236; Same v. Same, 114 Ill. 480; Metropolitan Accident Ass'n v. Froiland, 59 Ill. App. 522; Tomlinson v. Earnshaw, 112 Ill. 311.

As to the use of an *ad damnum* in an action of debt, see Gibbs v. French, 30 Ill. App. 292.

The judgment of the Superior Court is affirmed.