THE ELGIN CITY RAILWAY COMPANY

*v.*

MARY SALISBURY.

*Filed at Ottawa June 13, 1896.*

1. SPECIAL FINDINGS—*questions calling for mere evidentiary facts should be refused.* On trial for injury to a passenger from an electric car leaving the track and falling over a high embankment, alleged to be the result of too fast running on a bad track, special questions which ask merely for the cause or the "apparent cause" of the car mounting the rail at the place where it left the track are not such as call for controlling findings, and are properly refused.

2. SAME—*act of 1887, as to special findings, construed.* The statute authorizing the jury to find specially upon any material question of fact which shall be stated to them in writing, (Laws of 1887, p. 251,) does not give either party power to require the jury, in answer to a general question, to summarize and state the facts constituting the supposed cause of action, and thus to compel the rendition of a special instead of a general verdict.

3. APPEALS AND ERRORS—*the Appellate Court may affirm after remittitur.* The Appellate Court may affirm a judgment for personal injuries after *remittitur* of all in excess of a certain amount.

4. COSTS — *should be taxed to appellee where remittitur is entered in Appellate Court.* Costs of an appeal, upon which the judgment is affirmed after *remittitur* by appellee of excessive damages, should be adjudged against appellee.

*Elgin City Ry. Co.* v. *Salisbury,* 60 Ill. App. 173, in part reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

A. H. BARRY, (BOTSFORD & WAYNE, and D. B. SHERWOOD, of counsel,) for appellant.

IRWIN & EGAN, and J. A. RUSSELL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action brought by appellee against the appellant company to recover damages for a personal injury. The plaintiff, at the time she was injured, was a passenger on one of defendant's street cars, propelled by electricity, in the city of Elgin. The car, while running down grade, left the track and was precipitated over a high embankment, whereby appellee sustained permanent injuries. The negligence complained of was (using the language of the declaration) in running the cars "at a very high and fast rate of speed, to-wit, thirty miles per hour, which is a much greater rate of speed than is permitted by law, and said defendant company permitted and allowed the road-bed and rails on said street railroad to become out of repair, the road-bed to be of an uneven grade, and the rails to become spread apart and the track not of uniform width, and to become in such condition as to make the running of cars over said road and rails dangerous, and in consequence of the careless management of the defendants, said car, while the same was conveying the plaintiff on said South State street nearly

to the intersection of Locust street, became and was up-set, overturned and thrown from the track, down a steep embankment," etc.   A trial before a jury was had, which resulted in a verdict for the plaintiff for $7275, and judgment for this sum was entered by the trial court.   On appeal to the Appellate Court, and after the filing of the record and briefs in that court, appellee filed a *remittitur* for $3275, and the judgment of the trial court to the extent of $4000 was affirmed.   The present appeal is from said judgment of affirmance prosecuted by the appellant company.

It is urged by appellant that the trial and Appellate Courts erred in holding that the second and fourth special interrogatories submitted by appellant's counsel were not proper to be given to the jury for special findings.   These interrogatories were as follows:

"*Second*—Do you find, from the evidence, that there was any cause for the car mounting the track at the place it first went upon the rail, and if so, what was such cause?"

"*Fourth*—Do you find, from the evidence, that there was any apparent cause for the accident, at the time of the accident, at the place where the car wheel first mounted the rail, and if so, what do you find, from the evidence, such cause was?"

It was among other things said in *Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132, when the statute relating to special findings of the jury was first presented to this court for its consideration (p. 143): "In giving construction to the statute, the first, and perhaps the most important, question, relates to the scope and meaning of the phrase, 'material question or questions of fact.'   May such questions relate to mere evidentiary facts, or should they be restricted to those ultimate facts upon which the rights of the parties directly depend?   Evidently the latter.   Not only does this conclusion follow from analogy to the rules relating to special ver-

dicts, but it arises from the very nature of the case. It would clearly be of no avail to require the jury to find mere matters of evidence, because, after being found, they would in no way aid the court in determining what judgment to render." The question here presented was fully considered in that case, and the ruling there made has been followed in all subsequent cases where the question has arisen. See *Lake Erie and Western Railroad Co.* v. *Morain,* 140 Ill. 117; *Pressed Brick Co.* v. *Reinneiger,* id. 334; *Norton* v. *Volzke,* 158 id. 402; *Terre Haute and Indianapolis Railroad Co.* v. *Eggmann,* 159 id. 550, and cases cited.

But it is contended by counsel for appellant that the questions of fact sought to be submitted did not call for findings of mere evidentiary facts, but of controlling facts in the case. In this we cannot agree with counsel, but are constrained to agree with the Appellate Court, that the answer of the jury to either one of the interrogatories would not, had answer been made, have been of a controlling character in the case. Let it be supposed that the jury would have found, in response to the second interrogatory, that there was a cause for the car mounting the track, and that the cause was the cobble-stone found on the inside flange of the west rail of the track, as contended by appellant's counsel. It would not have followed, as matter of law, that the car would from that cause have been precipitated down the embankment and the consequent injury to appellee produced. It might still have been that the overturning of the car down the embankment, which caused the injury, was caused by the negligence of appellant in running the car at an undue and unlawful speed, as alleged. The court could not say, as matter of law, that the mere mounting of the track by the car caused the injury to appellee. It would therefore seem clear that a further finding of fact would have been necessary before any conclusion of law could have been drawn. The finding called for, therefore, was of a mere evidentiary fact. The fourth interrogatory is different,

in that it called for a finding as to the apparent cause of
the accident, (rather than of the mere mounting of the
track by the car,) but confined it to, and assumed that if
any cause appeared it appeared at, the place where the
car wheel first mounted the rail.   It is clear that the pur-
pose of both interrogatories was substantially the same,
—that is, to procure a finding that the car was caused to
leave the track by the stone which some of the witnesses
testified was found crushed upon the flange of the rail.
This interrogatory, when applied to the evidence, is not
very clear and definite in meaning, and the phrase "ap-
parent cause of the accident" might have been understood
by the jury, in view of some of the evidence, to relate to
what may have appeared to be, but was not, the real cause
of the accident.  But if by the word "apparent" was meant
"plain," "visible" or "evident," we are still of the opinion
that the interrogatory was properly refused, as one call-
ing for a special finding of mere evidentiary facts.

Again, if the interrogatories should be understood as
calling upon the jury to render a special verdict,—that
is, to make a general finding of the facts which combined
to produce the injury,—then they were properly refused
for that reason.  As was said in *Chicago and Northwestern
Railway Co.* v. *Dunleavy, supra,* (p. 142): "By a special
verdict the jury, instead of finding for either party, find
and state all the facts at issue, and conclude, condition-
ally, that if, upon the whole matter thus found, the court
should be of the opinion that the plaintiff has a good
cause of action, they then find for the plaintiff and as-
sess his damages; if otherwise, then for the defendant.—
2 Tidd's Prac. (Am. ed.) 897, and note."  But the finding
must be of facts, and not merely the evidence of facts,
so as to leave nothing to the court but questions of law.
(See *Dunleavy case, supra,* and cases there cited.)  And as
also said in that case (p. 143): "It is manifest, of course,
that a special finding by a jury upon material questions
of fact submitted to them under the provisions of the

statute is not a special verdict, but an essentially different proceeding. A special verdict cannot be found where there is a general verdict, but the special findings of fact provided for by the statute can be required only in case a general verdict is rendered."

It is clear, therefore, that the court was not required by this statute to submit to the jury, in such a case, a question which would call for such special verdict. In other words, we do not think it was the intention of the legislature to put it in the power of either party to require the jury, in answer to a general question of this character, to summarize and state the facts constituting the supposed cause of action, and thus to render a special, instead of a general, verdict. The language of the statute . is, that "the jury may render, in their discretion, either a general or a special verdict." This provision of the statute is declaratory of the rule as it existed at common law. (28 Am. & Eng. Ency. of Law, 377, and cases there cited.) It is only in cases where they render a general verdict that they can be required by either party to make such special findings provided for in the statute. The statute does not provide that the jury may be required to make a general finding of facts, but "*to find specially upon any material question or questions of fact which shall be stated to them in writing.*" We are satisfied that no error was committed in refusing to submit these interrogatories to the jury. They were not framed in accordance with the provisions of the statute.

It is further assigned for error, and insisted upon here, that the Appellate Court erred in affirming the judgment for $4000 after appellee had remitted all in excess of that amount, and also in rendering judgment against appellant for costs made in the Appellate Court. The same question presented by the first branch of this contention was considered and the authorities reviewed in *North Chicago Street Railroad Co.* v. *Wrixon*, 150 Ill. 532, and it was held that such was the uniform practice in all the courts

of this State, and that it ought not now to be changed. We see no occasion for reviewing the question, but regard it as one finally and properly settled. But there was error in rendering judgment in the case at bar in the Appellate Court against appellant for the costs in that court. Appellant was compelled to appeal to get rid of an erroneous judgment. The error was cured in the Appellate Court by appellee entering a *remittitur* of the excessive damages; but the costs of appeal had been incurred, and they should have been adjudged against appellee. This precise question was decided by this court in *Snell* v. *Warner*, 91 Ill. 472. See, also, cases there cited, and *Welsh* v. *Johnson*, 76 Ill. 295; *Trustees of Schools* v. *Hihler*, 85 id. 409; *Dowty* v. *Holtz*, id. 525; *Bristow* v. *Catlett*, 92 id. 17.

Our attention is called to the fact that in the *Wrixon* case, *supra*, judgment was rendered in the Appellate Court for costs in that court. The contention there was as to the practice of permitting a *remittitur* to be entered in actions *ex delicto* in the Appellate Court, and the question as to the proper judgment for costs seems to have passed unnoticed. But the point is made and insisted on here, and it must be sustained. As was held, however, in *Snell* v. *Warner*, *supra*, the error affects only so much of the judgment as relates to the question of costs of the appeal in the Appellate Court. The judgment is not otherwise incorrect, and it will be affirmed.

The judgment for costs alone will be reversed, and the cause remanded to the Appellate Court, with directions to enter judgment for all costs made by the appeal to that court, up to and including the *remittitur* against the appellee.                 *Affirmed in part and reversed in part.*

Mr. JUSTICE CARTWRIGHT took no part in the decision of this case.