## Calumet El. St. Ry. Co. v. William C. Lewis, Adm.

1. PRACTICE—*Waiver of Objections to the Declaration.*—An objection to a declaration which may be removed by an amendment, and which is not alluded to in a motion for a new trial, is waived.

2. ELECTRIC CARS—*Diligence Required of Motormen.*—In an action

against a street car company for killing a child, a passenger testified that she saw the child start across the street before the car started, but the motorman did not see the child until it was too late to stop the car. The court below, in trying the case without a jury, was justified in finding that the motorman ought to have seen the child sooner.

**Trespass on the Case.**—Death from negligence. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

JUDSON F. GOING and J. A. BURHANS, attorneys for appellant.

WM. C. ASAY and ROBERT REDFIELD, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellee, administrator of the estate of Edna M. Lewis, deceased, was, at the time of the death of the latter, a barber at 9262 South Chicago avenue, with his shop on the ground floor and housekeeping rooms above, where, with his wife and two children, he resided.

The eldest child was Edna, and she was but two years and five months old—a mere baby. She was run over and killed by an electric car of the appellant when the car had gone less than its own length from the place of starting. She was running across the street to her father's house.

Five minutes before she had been in the house, and how she happened to be on the other side of the street is unexplained.

A passenger in the car testified that she saw the child start across the street before the car started. The motorman did not see the child until she was in front of—almost under—the car; too late to stop the car. From the time that he did see her, he was guilty of no negligence, but the court, trying the cause without a jury, was justified in finding that he ought to have seen her sooner. Chicago West Division Ry. v. Ryan, 31 Ill. App. 621; 131 Ill. 474.

What is said in that case in both reports is an answer to all that is urged here by the appellant as to the absence of

negligence by the appellant, and of care by the parents of the child.

The appellee finds it difficult to deal with the objection of the appellant, based upon Chicago and Alton R. R. v. Logue, 47 Ill. App. 292, 53 Ill. App. 142, and 158 Ill. 621, that the younger child was not mentioned in the declaration; and " we therefore confidently submit this case to your honor's judgment," says his counsel. Whether the judgment of the Appellate Court of the Fourth District is consistent with what the Supreme Court held in Conant v. Griffin, 48 Ill. 410, we need not consider, as in this case the appellant filed " points in writing " upon a motion for a new trial, and neither among those points, nor at any stage of the suit, was the omission to mention that child in the declaration alluded to. The objection—whatever may be in it—is waived. Brewer v. Nat. Un. Bldg. Ass'n, 64 Ill. App. 161; Grand Lodge v. Bagley, 60 Ill. App. 589; Hafner v. Herron, Ibid. 592.

It could easily have been removed by amendment, even after verdict. Such amendment would not have been a statement of a new cause of action. Haynie v. Chicago & Alton R. R., 9 Ill. App. 105.

And it would not have been too late to make it whenever appellant made the point. Independent Order v. Paine, 122 Ill. 625. The judgment is affirmed.