## Ernst Heldmaier v. Lilly Taman.

1. NEGLIGENCE—*Driving Without Looking Ahead.*—A driver is negligent in proceeding, however slowly, without looking ahead, and thus discovering the presence of the child in his course upon the car tracks.

2. NEWLY-DISCOVERED EVIDENCE—*Insufficient Affidavits.*—Affidavits which fail to show any facts sufficiently establishing diligence, are insufficient in support of a motion for a new trial.

3. PARENT AND CHILD—*Negligence of the Parent Can Not Be Imputed to the Child.*—Negligence of a mother can not be imputed to the child in an action brought by the child.

4. DAMAGES—*When $1,000 Is Not Excessive.*—Where expert testimony tends to show that imbecility is the result of an injury, $1,000 is not excessive.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 26, 1900.

Statement.—This suit was brought by appellee, by next friend, to recover damages resulting, as is alleged, through negligence of appellant. The appellee, then four years of age, was standing upon Fourteenth street in the city of Chicago, and between the two car tracks upon that street. An employe of appellant, driving his team and wagon, was passing along the street upon one of the car tracks. As the wagon approached the child the driver undertook to turn out of the car tracks toward one side of the

street, and in so doing the end of the wagon, or its contents, struck the appellee and injured her.

There is some conflict in the evidence as to whether the child remained standing while the wagon approached the place, or whether she moved from one side toward the track upon which the wagon was traveling, and in so doing ran into the wagon. But the evidence sufficiently supports the contention of appellee's case, viz., that the driver negligently proceeded upon the street without looking ahead, and through his negligence failed to observe the little child standing in close proximity to his course upon the car tracks. It is practically undisputed that persons upon the sidewalk saw the danger and cried out to the driver to stop. It is not disputed that the street was clear and unobstructed so that the driver, had he been looking ahead, must have seen the child. There was evidence tending strongly to establish that the child was so injured that by reason thereof she became an imbecile.

The issues were submitted to a jury. A verdict was returned for the appellee, by which her damages were assessed at $2,500. A remittitur of $1,500 was entered. A motion for a new trial was overruled and judgment was entered for the amount of $1,000. Upon the motion for a new trial affidavits were presented to show newly discovered evidence, the discovery of which was made one of the grounds of the motion.

GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for appellant.

KING & GROSS, attorneys for appellee; ANDREW J. HIRSCHL, of counsel.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Upon the evidence in this case the jury were warranted in finding that the driver, the employe of appellant, was negligent in proceeding, however slowly, without looking

ahead, and thus discovering the presence of the child in his course upon the car tracks. Or, if the jury had believed from the evidence that he did see the child, the conclusion as to his negligence in attempting to turn his wagon so near to her would be equally strong. C. E. St. R. R. Co. v. Lewis, 68 Ill. App. 598; affirmed in 168 Ill. 249.

The evidence being sufficient to support the verdict as to negligence of appellant's employe, and there being no question as to contributory negligence to be considered, it remains only to consider questions raised upon matters of procedure and the amount of the verdict.

The only complaint of counsel for appellant as to procedure relates to the denial of the motion for a new trial.

The affidavits setting up the discovery of new evidence are substantially as follows : That witness Riston saw the injury; that the wagon was moving slowly and the child, appellee, ran into the wagon; that a woman standing upon the sidewalk at the time acted in such a manner as to indicate that she was the mother of the child. And that witness Roth saw appellee struck by a stone which was part of the load of the wagon; that the driver was proceeding slowly, and stopped as soon as the team could possibly be stopped, but too late to avoid the injury; and that the mother of the child was among those present on the sidewalk. The mother of appellee had testified that she was ill and confined to her house at the time. The only showing made as to diligence in effort to obtain this evidence before the trial, consists in averments of an affidavit by one of counsel for appellant, by which it is presented that affiant delegated the task of discovering evidence for appellant's defense to another lawyer, and " caused diligent inquiries to be made " by such lawyer and by the driver of the wagon and his wife in the vicinity of the accident to discover names of persons who were eye-witnesses of the occurrence, and that as a result only one person was discovered, and nothing was learned as to the witness Riston. Appellant made affidavit that the knowledge of the facts possessed by Roth was first discovered after the trial.

There are two reasons why these affidavits were insufficient to warrant the granting of a new trial: First, they fail to show any facts sufficiently establishing diligence. The statement of the conclusion that "diligent inquiries were made" is insufficient. Roth was employed in a drug store near by the place of the occurrence in question. He was the messenger sent for a doctor. It would seem very improbable that inquiry which was in fact "diligent" could have failed to discover him. Diligence did discover him within a few days after the trial. Second, the evidence is cumulative only. So far as it shows or tends to show the presence of the mother of the child on the sidewalk, it is not controlling. Negligence of the mother can not be implied to the child in an action brought by the child. Chicago C. Ry. Co. v. Wilcox, 138 Ill. 370.

So far as it tends to corroborate the testimony of the driver, it is clearly cumulative.

We are of opinion that the court did not err in overruling the motion for a new trial.

Nor do we regard the damages as excessive. It is true that the expert testimony does not establish beyond doubt that the imbecility of appellee is a result of the injuries. But it does tend to show this fact. It appears that prior to the injury the child was apparently of ordinary mental capacity. It is unlikely that she could have been an imbecile before the accident and the fact remain unknown in the neighborhood where her parents resided. Evidence of such fact, if it existed, could in all probability have been readily obtained. The fact that she became imbecile after the injury is uncontroverted. The expert testimony establishes that this may have resulted from the injury.

We are of opinion that the verdict can not be disturbed upon the ground that it is excessive. The judgment is affirmed.